*ROGERS ET AL. V. CORRE.

1. RESPONSIBILITY OF AGENT FOR MONEY RECEIVED IN PROSECUTION OF AN ILLEGAL
ENTERPRISE.

While the courts will not enforce an illegal contract, yet if a servant or agent of another
has, in the prosecution of an illegal enterprise for his master, received money or other
property belonging to the master, he is bound to turn it over to him, and cannot shield
himself from liability therefor upon the ground of the illegality of the original
transaction.

2. AGENT'S NOTE TO PRINCIPAL FOR MONEY TIED UP IN A GAMBLING DEAL NOT
ENFORCIBLE.

D., an agent of C., was engaged with C. in a wheat gambling deal at Chicago. While the
deal was in progress, D., being in Cincinnati, was induced by threats of prosecution, to
execute his note to C. for money C. had furnished for the deal. On suit on the note,
*Held*, C. cannot recover on the note. If D. had had the money in his possession at the
time, he could not retain it from C. But the deal still being in progress at the time,
and the money being in the deal, and not in D.'s possession, the note was a gambling
transaction, given in furtherance of the gambling transaction, and therefore not en-
forceable at law.

SWING, J.

This case is here on error to the judgment of the superior court of Cin-
cinnati.

The action there was on a note. It was tried before a jury and judgment
was rendered on the verdict for the plaintiff.

One of the defenses to the action was that the consideration was founded on
a gambling contract, and was therefore void.  Upon this issue the plaintiff asked
that the following special charge be given, and which the court gave.   The
charge is: "If you find that Corre put the money in Davis' hands to be used for
illegal gambling in wheat, still Corre would have the right to recover this money
back from Davis at any time before Davis had lost it.   And if Davis had not lost
the money at the time he gave the note of September 27, 1890, then the note was
for a good and lawful consideration, and was not illegal under the Illinois or under
the Ohio statutes against gambling."

The evidence before the jury to which this charge was applicable, tended to
show that Corre had furnished money to Davis with which to gamble in wheat
in Chicago.   That the parties met in Cincinnati, and a controversy arose between
them over what was denominated the "deal." Davis represented to Corre that the
deal was not closed, but was still on, and would likely result in a profit.   The
evidence still further tended to prove that Davis was threatened with prosecution
in the matter, and to avoid arrest was induced to give the note in question.

It seems to us that this charge is wrong.   It certainly does not come
within the principle of the law as laid down in *Norton* v. *Blinn*, 39 Ohio St., 145,
which case is relied upon by the defendant in error as sustaining it.

In that case Norton had received $500 from Blinn to invest in a gambling
transaction, and he had made a profit of $325.00 on the venture, thus giving him
in all $825.   This money Norton refused to turn over to Blinn, and defended
on the ground that it was a gambling contract.   In his opinion McILVAINE, J.,
quotes with approval the following from Wood on Master and Servant: "While
the courts will not enforce an illegal contract, yet if a servant or agent of another
has, in the prosecution of an illegal enterprise for his master, received money
or other property belonging to the master, he is bound to turn it over to him,
and cannot shield himself from liability therefor upon the ground of the ille-
gality of the original transaction."

This is clearly the law, founded as it is upon justice and reason.   But it

* This decision was affirmed in part in 57 O. S., 661.

does not seem to us to fit this case. The charge says that admitting that it was a gambling contract, that the consideration was a good one provided the money had not been lost. And the evidence before the jury to which this applied was to the effect, that Davis and Corre were engaged in a wheat gambling speculation in Chicago, Corre furnishing the money and Davis placing it. The money had been placed, and the deal was still running, and the gambling, if such it was, was in progress.

Davis did not have Corre's money, or any part of it. It was up in the deal, and yet it was not lost, or possibly it would be better to say, not positively known to be lost.

If Davis had had Corre's money in his possession, either before the deal had been inaugurated, or after it had been closed, it would be against good morals that he should be permitted to retain Corre's money. But here Davis did not have Corre's money, and that the money is not lost, is not equivalent to having it. In our opinion, the evidence to which this charge applied tended to prove that Davis, acting as the agent of Corre, and Corre were engaged in a wheat gambling transaction. The deal was in progress and not closed, and while the money was not known to be lost, it was not in the possession of Davis, but was up on the deal; and note given by Davis to Corre for his interest in this transaction is a gambling transaction in furtherance of the original enterprise, and is not enforceable at law, and does not fall within the principle of *Norton* v. *Blinn, supra.*

We are further of the opinion that the verdict is against the evidence as to the knowledge of the parties as to the character of this transaction. For these reasons the judgment will be reversed, and the cause remanded to the superior court for further proceedings.